## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE CUSTARD HUT FRANCHISE LLC, | |
| Plaintiff, | No. |
| v. | Hon. Judge |
| JAMAL JAWAD and KARIM KADOUH | |
| Defendants. | |

## COMPLAINT

Plaintiff THE CUSTARD HUT FRANCHISE LLC, by its undersigned attorneys, brings this Complaint for trade dress infringement, unfair competition, and cybersquatting against Defendants JAMAL JAWAD and KARIM KADOUH as follows:

1.     Plaintiff The Custard Hut Franchise LLC ("The Custard Hut") brings this action to stop Jamal Jawad from confusing the public by infringing The Custard Hut's superior rights to its THE CUSTARD HUT trademark and unique trade dress through his The Custard Co./The Custard Company branded stores and against KARIM KADOUH for his intentional acts of cybersquatting The Custard Hut's domain name <thecustardhut.com>.

2.     THE CUSTARD HUT has been used in connection to the operation of an ice cream and frozen custard ship since 1979 at the Dearborn Heights, Michigan

location of The Custard Hut branded ice cream shop. THE CUSTARD HUT branded ice cream shops sell ice cream and frozen custard. The shops are also known for the waffle sandwiches – frozen custard and various toppings placed between two waffles. Based on its decades of continuous operation and high-quality products and service, a local and national following has developed in THE CUSTARD HUT trademark in relation to ice cream shops and in the unique trade dress of The Custard Hut stores. Because of its strong brand, there are THE CUSTARD HUT branded ice cream stores in Dearborn Heights, Dearborn, and Detroit.

3.     Recognizing the strength of THE CUSTARD HUT common law trademark and unique The Custard Hut Trade Dress, Jamal Jawad sought to franchise THE CUSTARD HUT name and trade dress with permission from The Custard Hut to operate a similar store. When those negotiations broke down, Jawad decided to move forward anyway and misappropriate Plaintiff's THE CUSTARD HUT trademark and unique trade dress to sell the same ice cream and frozen custard products, including the waffle sandwich.

4.     In 2019, Jamal Jawad, through his company H & J Jawad LLC opened an ice cream shop branded THE CUSTARD CO. and THE CUSTARD COMPANY at 2801 Monroe Street, Dearborn, Michigan.

5.     On information and belief, in March 2021, after The Custard Hut filed this lawsuit, Jamal Jawad, through his company The Custard Company-Amoco LLC, opened a second location of an ice cream shop branded THE CUSTARD CO. and THE CUSTARD COMPANY at 8955 W. Warren Ave, Dearborn, Michigan.

6.     In July 2022, Jamal Jawad, through his company The Custard Company - Heights LLC, opened a third location of an ice cream ship branded THE CUSTARD CO. and THE CUSTARD COMPANY at 23845 W. Warren, Dearborn Heights, Michigan. This location is 1.2 miles away from THE CUSTARD HUT ice cream store in Dearborn Heights.

7.     The natural and obvious result of these actions is consumer confusion resulting in loss of goodwill of THE CUSTARD HUT trademark and unique trade dress. Multiple customers have been confused by the similarity between THE CUSTARD HUT and the multiple ice cream shops Jawad branded THE CUSTARD CO. and THE CUSTARD COMPANY.

8.     Further underscoring Defendants' unlawful duplicity, Jamal Jawad directed his employee Karim Kadouh to register the domain name <thecustardhut.com> and redirect it to The Custard Co.'s website, or Jawad acquiesced in Kadouh's actions. When confronted, H & J Jawad stopped the redirection but took a month to do so. The Custard Hut then discovered that Jawad

directed his company H & J Jawad to register the domain name <custardhut.com> as well. These blatant acts of cybersquatting highlight the intentional and unlawful practices of Jawad and demonstrate clear intent to trade off the goodwill and name recognition of THE CUSTARD HUT.

9.      Defendants' actions constitute trademark infringement, trade dress infringement, unfair competition, and cybersquatting. The Custard Hut brings this action to stop Defendants' unlawful practices, disgorge Defendants' improper gains, and compensate The Custard Hut for its lost goodwill and reputation

**PARTIES**

10.     The Custard Hut is a Michigan limited liability company with its principal place of business in Dearborn Heights, Michigan.

11.     There are three THE CUSTARD HUT branded ice cream and frozen custard stores - one in Dearborn Heights, Dearborn, and Detroit.

12.     Jamal Jawad is a Michigan resident and is a member of H & J Jawad LLC, The Custard Company - Amoco LLC, and The Custard Company - Heights LLC.

13.     Karim Kadouh is a Michigan resident and the Director of Operations of H & J Jawad or one of the other The Custard Co. related companies owned by Jawad.

14.     H & J Jawad LLC and The Custard Company - Heights LLC each operate an ice cream and frozen custard store, in Dearborn and Dearborn Heights, Michigan respectively, that use THE CUSTARD COMPANY and THE CUSTARD CO. branding.

15.     The Custard Company-Amoco LLC, on information and belief, used THE CUSTARD COMPANY and THE CUSTARD CO. branding for an ice cream store at least in 2021 and 2022.

16.     Jawad is the owner of THE CUSTARD COMPANY and THE CUSTARD CO. trademarks, and licenses their use by his companies H & J Jawad LLC, The Custard Company – Amoco LLC, and The Custard Company – Heights LLC (the companies are collectively referred to as "The Custard Co.").

17.     Jawad is responsible for the creation of and all advertising, marketing, and branding for The Custard Co. locations owned by H & J Jawad, The Custard Company – Amoco LLC, and The Custard Company – Heights LLC that uses THE CUSTARD COMPANY and THE CUSTARD CO. trademarks.

**JURISDICTION AND VENUE**

18.     This is a civil action seeking damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125, *et seq*. as well as related state law claims.

19.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

20.     The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, as those claims form part of the same case and controversy.

21.     This Court has personal jurisdiction over Defendants because they are Michigan residents residing in and doing business in this District.

22.     Venue is proper in the District pursuant to 28 U.S.C. § 1391(b).

## RELEVANT FACTS

### The Custard Hut's protectible trademark in THE CUSTARD HUT

23.     THE CUSTARD HUT has been used in relation to an ice cream shop since 1979 at the Dearborn Heights store.

24.     In 2013, The Custard Hut's current owners purchased The Custard Hut, including its name and related trademark rights in THE CUSTARD HUT.

25.     The Custard Hut uses THE CUSTARD HUT as its source identifier and in all of its marketing and advertising.

26.     The Custard Hut has an active social media presence on Instagram and Facebook, in which it uses THE CUSTARD HUT as its source identifier:



The Custard Hut Instagram, attached at <u>Exhibit 1</u>.



The Custard Hut FaceBook, attached at <u>Exhibit 2</u>.

27.     The Custard Hut is known for its waffle sandwiches – frozen custard and various toppings placed between two waffles.

28.     The Custard Hut emphasizes the waffle sandwich to the consuming public:



The Custard Hut sign, attached at <u>Exhibit 3</u>.

29.    The Custard Hut has made a significant investment in its marketing and branding to maintain its goodwill and position in the greater Detroit area.

30.    The Custard Hut and its waffle sandwich have been the subject of local and national press.

31.    For example, a 2017 article in the Detroit Metro Times begins is description of The Custard Hut with ""That's the one with the waffle sandwich, right?" is what pretty much everyone says when Custard Hut comes up in the metro Detroit custard conversation. Indeed, it's famous for sandwiching a glob of creamy custard between two warm waffles along with a layer of toppings." https://www.metrotimes.com/detroit/in-search-of-metro-detroits-best-custard/Content?oid=4065954, last visited August 23, 2021.



The Waffle sandwich with pistachio custard and Fruity Pebbles at Custard Hut.

*Id.*

32.    In, 2017, BuzzFeed featured The Custard Hut and its waffle sandwich in a national write up on the best ice cream sandwiches in America.

https://www.buzzfeed.com/hannahloewentheil/the-best-ice-cream-sandwiches-in-america-according-to-yelp, last visited August 23, 2021.

33.    The national renown for The Custard Hut and its waffle sandwich was even recognized by Detroit's Local 4.

https://www.clickondetroit.com/features/2018/04/29/the-custard-hut-in-dearborn-heights-packs-custard-between-waffles-for-delicious-warm-weather-treat/, last visited August 23, 2021.

34.    The Custard Hut advertises its business primarily on Facebook and Instagram.

35.    The Custard Hut has a Michigan state trademark registration for THE

CUSTARD HUT. Attached hereto as Exhibit 7.

36.     The Custard Hut has a federal trademark registration for THE

CUSTARD HUT with Registration Number 6,792,962 for "ice cream shop

services" in Class 43. Exhibit 8, attached hereto.

### The Custard Hut's protectible trade dress

37.     In addition to its protectible trademark in THE CUSTARD HUT, The

Custard Hut has protectible, non-functional trade dress rights in the way in which

its ice cream stores are presented to the consuming public.

38.     The Custard Hut utilizes a visually unique and highly distinctive trade

dress ("The Custard Hut Trade Dress") in connection with its store. The Custard

Hut Trade Dress consists of, at least, the following elements: 1) The Custard Hut

pink and black exterior design and branding; 2) The Custard Hut pink, black, and

white interior design and branding; and 3) The Custard Hut black and neon menu

design.

39.     The elements of The Custard Hut Trade Dress are non-functional and

not required to operate an ice cream and frozen custard store.

40.     The Custard Hut advertises using The Custard Hut Trade Dress to

reinforce this consumer connection between The Custard Hut Trade Dress and The

Custard Hut:



The Custard Hut Instagram, attached hereto as <u>Exhibit 4</u>.



The Custard Hut Instagram, attached hereto as <u>Exhibit 5</u>.

41.     The Custard Hut's continued and uninterrupted use of its unique trade dress since 2013 has created secondary meaning in the minds of the consuming public.

42.    THE CUSTARD HUT trademark and The Custard Hut Trade Dress serve to distinguish The Custard Hut from other providers of ice cream and frozen custard store services.

43.    The Custard Hut has spent substantial time, effort, and money to promote its intellectual property and associated goods and services through advertising and social media.

44.    As a result of its investment, consumers throughout the Detroit metropolitan area and elsewhere have come to associate THE CUSTARD HUT trademark and The Custard Hut Trade Dress exclusively with The Custard Hut.

**Failed negotiations over authorized use of THE CUSTARD HUT and The Custard Hut Trade Dress**

45.    In 2019, Jawad approached the owners of The Custard Hut about a possible joint venture for other locations of The Custard Hut after his pizzeria restaurant concept did not get off the ground.

46.    Jawad recognized the goodwill and renown of THE CUSTARD HUT trademark and The Custard Hut Trade Dress and the related waffle sandwich.

47.    Subsequently, The Custard Hut and Jawad entered negotiations whereby The Custard Hut would grant the owners of Defendant a franchise to use The Custard Hut's intellectual property, including THE CUSTARD HUT trademark and The Custard Hut Trade Dress in connection with an ice cream and frozen custard shop to be located in Dearborn, Michigan.

48.     The Custard Hut employees trained Jawad in how to make operate an ice cream shop to The Custard Hut's standards because he had never operated an ice cream shop before.

49.     No franchise agreement was ultimately reached, and The Custard Hut never granted Jawad, or any of his companies, any right to use THE CUSTARD HUT or The Custard Hut Trade Dress.

50.     Therefore, Jawad has never been authorized to use THE CUSTARD HUT trademark or The Custard Hut Trade Dress.

**Jawad's unauthorized use of THE CUSTARD HUT and
The Custard Hut Trade Dress**

51.     Nevertheless, upon breakdown in negotiations, Jawad was undeterred and opened a competing ice cream and frozen custard store named "The Custard Hut" and using THE CUSTARD HUT logo at 2801 Monroe Street, Dearborn, Michigan through Defendant H & J Jawad LLC.

52.     The Custard Hut promptly demanded that Jawad cease and desist use of THE CUSTARD HUT and The Custard Hut Trade Dress.

53.     Jawad acknowledged the unlawful use of The Custard Hut's intellectual property and stopped using THE CUSTARD HUT verbatim. However, he did not stop infringing on The Custard Hut's intellectual property rights.

54.     Jawad changed the name of his competing ice cream and frozen custard store from "The Custard Hut" to the confusingly similar THE CUSTARD

CO. This store is also referred to as the confusingly similar THE CUSTARD COMPANY.

55.    THE CUSTARD CO. and THE CUSTARD COMPANY are used interchangeably by The Custard Co. ice cream shops.

56.    In addition, The Custard Co. sells a knock-off waffle sandwich:



The "Wowffle"

www.custardco.com, last visited August 23, 2021.

57.    The Custard Co. predominately features confusingly similar names to THE CUSTARD HUT and uses The Custard Hut Trade Dress without permission:



| The Custard Hut | The Custard Co. |
|---|---|













58.     The Custard Co. also advertises on Facebook and Instagram – where it uses the confusingly similar THE CUSTARD CO. and THE CUSTARD COMPANY names and The Custard Hut Trade Dress:



The Custard Co. Facebook, attached hereto as Exhibit 6.

59.     The Custard Co. has engaged in additional advertising with the Detroit Pistons – featuring the confusingly similar names THE CUSTARD CO. and THE CUSTARD COMPANY – further eroding The Custard Hut's goodwill.

60.   Jawad is responsible for the creation of and all advertising, marketing, and branding for The Custard Co. locations owned by H & J Jawad, The Custard Company – Amoco LLC, and The Custard Company – Heights LLC that uses THE CUSTARD COMPANY and THE CUSTARD CO. trademarks.

61.   Jawad's advertising of similar products and services using the same marketing channels as The Custard Hut is likely to lead to consumer confusion and the erosion of The Custard Hut's goodwill.

62.   On information and belief, in March 2021, after The Custard Hut filed this lawsuit, Jawad, through his company The Custard Company-Amoco LLC, opened a second location of The Custard Co. at 8955 W. Warren Ave, Dearborn, Michigan.

63.   The original name of this location was "Twin Cones."

64.   On information and belief, after the initial failure of an ice cream and frozen custard shop named "Twin Cones," the store was rebranded to THE CUSTARD CO. in order to continue to ride the coattails of The Custard Hut.

65.   On July 1, 2022, Jawad, through his company The Custard Company – Heights LLC, also opened a third location of The Custard Co. at 23845 W. Warren, Dearborn Heights, Michigan. This location is also branded THE CUSTARD CO. and THE CUSTARD COMPANY.

66.     On information and belief, Jawad intends to continue to expand his infringing stores through his Michigan limited liability company THE CUSTARD COMPANY FRANCHISE, LLC or his other corporate entities related to The Custard Co.

### Kadouh engages in intentional and bad faith cybersquatting.

67.     On or about November 27, 2020, Defendant Karim Kadouh registered the domain name <thecustardhut.com>.

68.     The <thecustardhut.com> domain is identical and confusingly similar to The Custard Hut's THE CUSTARD HUT mark.

69.     In an example of egregious bad faith, Kadouh then caused the <thecustardhut.com> domain to redirect internet traffic to The Custard Co. website at <thecustardco.com> from at least March 2021 to July 2021.

70.     On information and belief, Jawad directed Kadouh to take these actions on behalf of H & J Jawad, acquiesced in the actions of Kadouh for the benefit of his The Custard Co. business, or created a culture at H & J Jawad such that irresponsible, reckless and unlawful actions of H & J Jawad employees were encouraged and condoned.

71.     As a result, consumers looking for The Custard Hut website were diverted to The Custard Co. website for Jawad's commercial gain.

72.     The redirection of website traffic from <thecustardhut.com> to the <thecustardco.com> website only stopped after counsel for The Custard Hut sent a cease and desist letter to Jawad.

73.     The Custard Hut subsequently learned H & J Jawad, at the direction of Jawad, also registered <custardhut.com> to further its unlawful cybersquatting.

74.     All of the above actions present a pattern of willful behavior by Jawad of using The Custard Hut's THE CUSTARD HUT trademark and The Custard Hut Trade Dress to build his The Custard Co. brand and trade off the goodwill and reputation of The Custard Hut.

75.     Counsel for The Custard Hut sent Jawad and The Custard Co. cease and desist letters on June 22, 2021 and July 26, 2021 but Jawad refuses to cease using a name confusingly similar to THE CUSTARD HUT and use of The Custard Hut Trade Dress and instead has continued to expand his infringing uses of THE CUSTARD HUT.

76.     Jawad continues to knowingly violate THE CUSTARD HUT trademark and The Custard Hut Trade Dress and unfairly compete by trading off The Custard Hut's goodwill and reputation.

77.     Jawad's conduct is deliberate and intentional, and intended to enrich THE CUSTARD CO. and THE CUSTARD COMPANY brands and harm and damage The Custard Hut.

78.     Jawad's infringement of THE CUSTARD HUT trademark and The Custard Hut Trade Dress is likely to cause confusion, mistake and deceive third parties as to the affiliation, connection or association of Jawad's The Custard Co. brand with The Custard Hut and as to whether or not The Custard Hut has anything to do with the origin, sponsorship, or approval of the goods, services or other commercial activities of Jawad's The Custard Co. ice cream shops.

79.     In fact, consumer confusion has occurred. Numerous customers have confused The Custard Hut and The Custard Co.

80.     Since 2019, multiple customers have entered The Custard Hut's store seeking to use The Custard Co.'s coupons.

81.     An individual living in Dearborn received a coupon from The Custard Co. coupon in the mail thought it was from The Custard Hut. After receiving the coupon, he told The Custard Hut's owner he was going to use the coupon at Custard Hut's Detroit location when the consumer was informed the coupon was for The Custard Co. and not The Custard Hut.

82.     There have been several occasions where unidentified customers would come to The Custard Hut Dearborn Heights location looking for The Custard Co.

83.     There have been instances where a customer of The Custard Hut brings in a take home menu from The Custard Co. and tries to order at The Custard Hut.

84.     Over the weekend of March 18-20, 2022, thirty customers either called The Custard Hut or walked into The Custard Hut attempting to redeem a "free cone" promotion run by The Custard Co.

85.     On Saturday March 19, 2022, a customer of The Custard Hut sought to purchase an item tagged "Custard Hut" on Facebook but the item had The Custard Co. on the packaging and was only available at The Custard Co.

86.     On March 20, 2022, a customer walked into The Custard Hut asking for The Custard Co. item "loaded cone." When informed The Custard Hut does not offer that item, the customer told The Custard Hut that he saw it on The Custard Hut's Instagram account and pulled up The Custard Co.'s page.

87.     Also on March 20, 2022, a customer attempted to use a Groupon for The Custard Co. at The Custard Hut.

88.     On March 29, 2022, a resident of Detroit tried to purchase an item only sold at The Custard Co. at The Custard Hut Dearborn Heights location. She was confused because the names of the two companies were similar and the insides of the businesses used the same color scheme.

89.     On April 3, 2022, a resident of Inkster entered The Custard Hut and attempted to use a punch card for The Custard Co.. She was driving by The Custard Hut, saw the sign, and was confused by its similarity to The Custard Co.

90.     On April 4, 2022, a customer entered The Custard Hut thinking it was The Custard Co. when driving by The Custard Hut, saw the sign, and was confused by its similarity to The Custard Co.

91.     When the Jawad owned The Custard Company – Heights LLC opened it's THE CUSTARD CO./THE CUSTARD COMPANY branded ice cream shop several customers entered The Custard Hut Dearborn Heights location seeking The Custard Co. Dearborn Heights location.

92.     As evidenced by the extensive consumer confusion, the conduct of Jawad has caused damage, and continues to cause damage, to The Custard Hut in this District and elsewhere.

### COUNT I
### UNFAIR COMPETITION
### 15 U.S.C. § 1125(a) (LANHAM ACT § 43)
### THE CUSTARD HUT TRADEMARK
### (AGAINST JAWAD)

93.     The Custard Hut incorporates Paragraphs 1 to 92 as if fully stated herein.

94.     Section 43 of the Lanham Act (15 U.S.C. § 1125) precludes the use in commerce of any word, name, or phrase likely to cause confusion as to the

affiliation, connection or association as to the origin or sponsorship of goods or services by another person.

95.    The Custard Hut has protectible rights to THE CUSTARD HUT trademark.

96.    THE CUSTARD HUT trademark is suggestive of the services offered by The Custard Hut. In the alternative, The CUSTARD HUT has obtained secondary meaning through its use in commerce since 1979.

97.    Jawad's use of the confusingly similar THE CUSTARD CO. and THE CUSTARD COMPANY in connection with his ice cream and frozen custard shops is confusingly similar to THE CUSTARD HUT and constitutes infringement of The Custard Hut's rights and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendants' products in violation of 15 U.S.C. § 1125.

98.    The Custard Hut has not authorized Jawad's use of THE CUSTARD HUT.

99.    The unlawful activities of Jawad complained of herein have caused and, unless restrained and enjoined, will continue to cause irreparable harm, damage and injury to The Custard Hut for which The Custard Hut has no adequate remedy at law.

100. On information and belief, Jawad deliberately adopted the use of the confusingly similar THE CUSTARD CO. and THE CUSTARD COMPANY names with a bad faith intent to trade upon the goodwill established by The Custard Hut in it's THE CUSTARD HUT trademark.

101. Jawad is personally liable as he is the owner of the infringing trademarks and is the moving force in their use in The Custard Co. stores.

102. Jawad's willful and defiant disregard of The Custard Hut's intellectual property rights makes this case an exceptional case for which an award of The Custard Hut's reasonable attorneys' fees and exemplary damages is warranted.

### COUNT II
### UNFAIR COMPETITION
### 15 U.S.C. § 1125(a) (LANHAM ACT § 43)
### THE CUSTARD HUT TRADE DRESS
### (AGAINST JAWAD)

103. The Custard Hut incorporates Paragraphs 1 to 92 as if fully stated herein.

104. Section 43 of the Lanham Act (15 U.S.C. § 1125) precludes the use in commerce of any trade dress likely to cause confusion as to the affiliation, connection or association as to the origin or sponsorship of goods or services by another person.

105. The Custard Hut has protectible rights to The Custard Hut Trade Dress.

106.   The Custard Hut Trade Dress has obtained secondary meaning through its use in commerce by The Custard Hut since 2013 as described above.

107.   Jawad's use of The Custard Hut's Trade Dress in connection with his ice cream and frozen custard shops is confusingly similar to The Custard Hut and constitutes infringement of The Custard Hut's rights and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendants' products in violation of 15 U.S.C. § 1125.

108.   The Custard Hut has not authorized Jawad's use of The Custard Hut Trade Dress.

109.   The unlawful activities of Jawad complained of herein have caused and, unless restrained and enjoined, will continue to cause irreparable harm, damage and injury to The Custard Hut for which The Custard Hut has no adequate remedy at law.

110.   On information and belief, Jawad deliberately adopted the use of The Custard Hut Trade Dress with a bad faith intent to trade upon the goodwill established by The Custard Hut.

111.   Jawad is personally liable as he is the moving force in the use of The Custard Hut Trade Dress in The Custard Co. stores.

112.    Jawad's willful and defiant disregard of The Custard Hut's intellectual property rights makes this case an exceptional case for which an award of The Custard Hut's reasonable attorneys' fees and exemplary damages is warranted.

**COUNT III**
**CYBERSQUATTING**
**15 U.S.C. § 1125(d) (LANHAM ACT § 43)**
**(AGAINST ALL DEFENDANTS)**

113.    The Custard Hut incorporates Paragraphs 1 to 92 as if fully stated herein.

114.    Section 15 U.S.C. § 1125(d) precludes the bad faith intent to profit off another's trademark through the registration, traffic or use of a domain name.

115.    The Custard Hut has protectible rights to THE CUSTARD HUT trademark.

116.    THE CUSTARD HUT was distinctive or had acquired secondary meaning at the time Kadouh registered <thecustardhut.com> at the direction of or with the acquiescence of Jawad.

117.    THE CUSTARD HUT was distinctive or had acquired secondary meaning at the time H & J Jawad LLC registered <custardhut.com> at the direction of Jawad.

118.    <thecustardhut.com> is identical to The Custard Hut's THE CUSTARD HUT trademark.

119.    <custardhut.com> is confusingly similar to The Custard Hut's THE CUSTARD HUT trademark.

120.    Kadouh used, registered, or trafficked in the <thecustardhut.com> domain name at the direction of or with the acquiescence of Jawad.

121.    Jawad used, registered, or trafficked in the <custardhut.com> domain name though his The Custard Co. companies and stores.

122.    As detailed above, Defendants took their actions in relation to <thecustardhut.com> domain name with a bad faith intent to profit.

123.    As detailed above, Jawad took his actions in relation to <custardhut.com> domain name with a bad faith intent to profit.

124.    Defendants have no rights to THE CUSTARD HUT and never had any.

125.    Defendants had no bona fide noncommercial or fair use for the domain names misappropriated.

126.    Defendants intentionally diverted consumers looking for The Custard Hut through the redirection of <thecustardhut.com> to <thecustardco.com>.

127.    On information and belief, Defendants intended to intentionally divert consumers looking for The Custard Hut through the redirection of <thecustardhut.com> to <thecustardco.com> until the actions were discovered by The Custard Hut.

128.   The Custard Hut seeks its attorneys' fees and statutory damages for

Defendants' actions in relation to the <thecustardhut.com> and <custardhut.com>

domain names.

**COUNT IV**
**MICHIGAN CONSUMER PROTECTION ACT**
**M.C.L.A. 445.900, *et seq.***
**(Against Jawad)**

129.   The Custard Hut incorporates Paragraphs 1 to 92 as if fully stated

herein.

130.   Section 903 of the Michigan Consumer Protection Act provides in

relevant part:

> Unfair, unconscionable, or deceptive methods, acts, or practices in the
> conduct of trade or commerce are unlawful and are defined as follows:
>
> (a)   Causing a probability of confusion or misunderstanding as the source,
> sponsorship, approval, or certification of goods or services;
> ….
> (c) Representing that goods or services have sponsorship, approval,
> characteristics, ingredients, uses, benefits, or quantities that they do not have
> or that a person has sponsorship, approval, status, affiliation, or connection
> that he or she does not have;

M.C.L.A. § 445.903

131.   Jawad's use of the confusingly similar names THE CUSTARD CO.

and THE CUSTARD COMPANY to THE CUSTARD HUT and use of The

Custard Hut Trade Dress in relation to his ice cream and frozen custard stores is a

violation of the Michigan Consumer Protection Act.

132.    Jawad is personally liable as he is the owner of the infringing trademarks and is the moving force in their use and the use of The Custard Hut Trade Dress in The Custard Co. stores.

133.    Jawad's violations have caused actual and ascertainable damages to The Custard Hut in an amount yet to be fully established.

134.    Jawad's violations were at all times intentional and willful as stated herein.

## COUNT V
### COMMON LAW UNFAIR COMPETITION
### (AGAINST JAWAD)

135.    The Custard Hut incorporates Paragraphs 1 to 92 as if fully stated herein.

136.    Jawad's use of the confusingly similar names THE CUSTARD CO. and THE CUSTARD COMPANY for his The Custard Co. ice cream and frozen custard stores without The Custard Hut's consent:

  i.    was an attempt to pass off The Custard Co.'s products as those of The Custard Hut;

  ii.    caused, and continues to cause, a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Jawad's ice cream and frozen custard stores;

  iii.    caused, and continues to cause, a likelihood of confusion or of

misunderstanding as to affiliation, connection or association between The Custard Co. and The Custard Hut; and/or

iv.   created, and continues to create, a likelihood of confusion or misunderstanding among consumers, generally as between the ice cream and frozen custard stores of Jawad and those of The Custard Hut.

137.   Jawad's use of The Custard Hut Trade Dress on an ice cream and frozen custard store without The Custard Hut's consent:

i.   was an attempt to pass off Jawad's ice cream and frozen custard stores as that of The Custard Hut;

ii.   caused, and continues to cause, a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Jawad's ice cream and frozen custard stores;

iii.   caused, and continues to cause, a likelihood of confusion or of misunderstanding as to affiliation, connection or association between The Custard Co. and The Custard Hut; and/or

iv.   created, and continues to create, a likelihood of confusion or misunderstanding among consumers, generally as between the ice cream and frozen custard stores of Jawad and those of The Custard Hut.

138.   Jawad is personally liable as he is the owner of the infringing trademarks and is the moving force in their use and the use of The Custard Hut Trade Dress in The Custard Co. stores.

139.   Jawad intentionally and willfully engaged in unfair competition in that he used names confusingly similar to THE CUSTARD HUT and used The Custard Hut Trade Dress to provide the same products and services as The Custard Hut such that he created confusion in the public mind, and misappropriated The Custard Hut's rights and the goodwill it has established, all to the irreparable injury of The Custard Hut.

140.   Jawad's infringement constitutes inequitable pirating off the fruits of The Custard Hut's labor and constitutes unfair competition in violation of Michigan common law.

141.   On information and belief Jawad's acts of unfair competition were done knowingly, intentionally and willfully.

142.   Jawad's infringement has caused, and will continue to cause, unfair competition with The Custard Hut unless enjoined by this Court.

143.   Jawad's infringement has caused and, unless restrained and enjoined, will continue to cause irreparable harm, damages and injury to The Custard Hut for which The Custard Hut has no adequate remedy at law.

WHEREFORE, The Custard Hut Franchise, LLC prays as follows:

A.      That the Court enter judgment in favor of The Custard Hut Franchise LLC against Defendants JAMAL JAWAD and KARIM KADOUH, jointly and severally, for all damages proximately caused by Defendants and further award The Custard Hut Franchise LLC its attorney fees and costs incurred in the prosecution of this action;

B.      That the Court find that Defendant JAMAL JAWAD violated 15 U.S.C. § 1125(a) and grant The Custard Hut Franchise LLC preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. § 1117(a) consisting of Jawad's companies' profits, any damages sustained by The Custard Hut Franchise LLC and the cost of the action; said amount to be trebled; that the Court award The Custard Hut Franchise LLC its attorney fees; that the Court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the Court in the alternative, if elected by The Custard Hut Franchise LLC, award statutory damages against Defendant JAMAL JAWAD;

C.      That the Court find that Defendants KARIM KADOUH and JAMAL JAWAD violated 15 § U.S.C. 1125(d) and grant The Custard Hut Franchise LLC preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. § 1117(a) & (d), consisting of statutory damages; that the Court award The Custard Hut Franchise LLC its attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just;

D.     That the Court find that Defendant JAMAL JAWAD violated

M.C.L.A. 445.900 *et seq*. and grant The Custard Hut Franchise LLC preliminary

and permanent injunctive relief together with such damages as are proven at trial;

and that the Court award The Custard Hut Franchise LLC its attorney fees and

costs;

E.     That the Court award such other and further relief as it deems just and

equitable.

<u>**JURY DEMANDED ON ALL TRIABLE ISSUES**</u>

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: March 27, 2023          By: */s/ Joseph W. Barber*
                                         Joseph W. Barber (P82728)
                                         450 W. Fourth Street
                                         Royal Oak, Michigan 48067
                                         (248) 645-1483
                                         jwb@h2law.com

                                         Attorneys for The Custard Hut Franchise LLC

4843-4100-6839, v. 2